**NOT FOR PUBLICATION**

AUG 27 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION,<br><br>                Plaintiff - Appellee,<br><br>    v.<br><br>BROOKSTREET SECURITIES CORPORATION and STANLEY C. BROOKS,<br><br>                Defendants - Appellants. | No. 12-56404<br><br>D.C. No. 8:09-cv-01431-DOC-AN<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted August 7, 2014
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

Stanley Brooks appeals from the district court's grant of summary judgment

to the SEC and imposition of injunctive and monetary relief. Brooks contends that

disputes of material fact remain as to whether Brookstreet's employees committed

---

        * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

certain primary violations of federal securities laws, and as to whether Brooks was a control person of those employees. Brooks also challenges the district court's injunction as overbroad, and both Brooks and the SEC ask us to remand this case to the district court in order to recalculate the monetary relief imposed against Brooks. Because the parties are familiar with the facts and procedural history of these cases, we repeat only those facts necessary to resolve the issues raised on appeal. We affirm, except as to the remedies portion of the district court's judgment.

## Discussion

### A. Evidentiary Matters

With the exception of citations to his own affidavit, the testimony of Professor Finnerty in a related Florida trial, and several citations to the Affidavit of Troy Gagliardi, Brooks failed to specifically identify any facts that would controvert the SEC's Statement of Undisputed Facts. Accordingly, we must accept as true the SEC's Statement of Undisputed Facts, except to the extent they are contradicted by the few sources to which Brooks directed the district court. *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1028–29 (9th Cir. 2001).

## B. Primary Violations

The undisputed record shows that each of the three Brookstreet representatives identified by the SEC committed violations of Section 10(b) and Rule 10b-5. *SEC v. Rana Research, Inc.*, 8 F.3d 1358, 1364 (9th Cir. 1993). The disclaimers identified by Brooks either do not specifically refute the misrepresentations made by the Brookstreet representatives, or were not "transmitted to the public with a degree of intensity and credibility sufficient to effectively counter-balance any misleading impression created by the insiders' one-sided representations." *In re Apple Computer Sec. Litig.*, 886 F.2d 1109, 1116 (9th Cir. 1989).

## C. Control Person Liability

Brooks was the CEO, President, Chairman of the Board, and owner of Brookstreet through his family trust. Moreover, before his FINRA suspension Brooks was "involved in the nuts and bolts of how things worked," and "was involved in the minutiae" of the firm's practices. Brooks was also specifically involved in the CMO Program. Brooks' position as an officer, his involvement in the day-to-day affairs of Brookstreet, and his involvement in the CMO Program establish that he controlled the primary violators. *See Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1440–42 (9th Cir. 1987). Further, at oral argument Brooks'

counsel conceded that there is no genuine dispute of fact as to whether Brooks' suspension by FINRA diminished Brooks' power to direct the management and policies under which the primary violators continued to act.

Brooks is not entitled to the good faith defense. We do not agree that Brooks "made every effort to ensure that Brookstreet's customers received honest and fair advice from Brookstreet's . . . representatives," as he contends. Brooks knew that Brookstreet representatives were recommending and selling CMOs to retail customers beginning in 2004, and yet Brookstreet did not establish suitability standards for CMO clients until 2007, three years later. This failure is particularly egregious in light of Brooks' receipt of NASD Notice 95-73 in mid-2005, which detailed a broker's responsibility to educate clients about the risks of CMOs and made clear that certain CMOs were suitable only for sophisticated investors with a high risk profile. Brooks thus cannot show that Brookstreet's "supervisory system was adequate and that it reasonably discharged its responsibilities under the system." *Hollinger v. Titan Capital Corp.*, 914 F.2d 1564, 1576 (9th Cir. 1990).

## D.  Injunctive Relief

In light of Brooks' knowledge of, and failure to address, problems in the CMO program, we find that the district court properly granted injunctive relief against Brooks, *U.S. SEC v. Fehn*, 97 F.3d 1276, 1295–96 (9th Cir. 1996), and the

4

injunction will remain in effect pending any change therein made by the district court.

**E.  Monetary Remedies**

The SEC concedes that both the disgorgement remedy and the civil penalties ordered by the district court must be altered to meet the proof tendered to the court. Accordingly, we vacate that portion of the district court's judgment and remand for further proceedings.

The parties shall bear their own costs on appeal.

**AFFIRMED in substantial part, VACATED in part, and REMANDED for further proceedings.**