

**NOT FOR PUBLICATION**

## UNITED STATES COURT OF APPEALS

## FOR THE NINTH CIRCUIT

| | |
|---|---|
| U.S. SECURITIES & EXCHANGE COMMISSION, | No. 15-55046 |
| Plaintiff-Appellee, | D.C. No. 8:09-cv-01431-DOC-AN |
| v. | |
| BROOKSTREET SECURITIES CORPORATION, | MEMORANDUM[*] |
| Defendant, | |
| and | |
| STANLEY C. BROOKS, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted November 9, 2016[**]
Pasadena, California

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: O'SCANNLAIN, FERNANDEZ, and RAWLINSON, Circuit Judges.

Stanley C. Brooks challenges the district court's judgment, imposing a $5.88 million civil penalty against him pursuant to § 21(d)(3)(A) of the Securities Exchange Act ("the Act"), 15 U.S.C. § 78(d)(3)(A). As the parties are well aware of the facts, we do not reiterate them here.

I

Brooks contends that the district court abused its discretion by failing to consider a list of factors allegedly relevant to determining the appropriate magnitude of civil penalties.[1] However, the district court's analysis already incorporates most of the factors listed by Brooks. Furthermore, its decision not to consider factors such as proportionality to illicit gain, proportionality to penalties imposed on other violators, and Brooks' ability to pay does not render its

---

[1] Brooks did not waive such argument by failing to raise it during his initial appeal. This is "not a new claim . . . but a new argument to support what has been his consistent claim" that the district court abused its discretion by awarding an oversized penalty. *Lebron v. National R.R. Passenger Corp.*, 513 U.S. 374, 379 (1995).

2

calculation "beyond the pale of reasonable justification under the circumstances."[2]

*Harman v. Apfel*, 211 F.3d 1172, 1175 (9th Cir. 2000).

Brooks also asserts that the district court abused its discretion by drawing improper factual inferences against him on issues such as what he did wrong, whether his infractions were recurrent, and whether he accepted responsibility. However, these factual matters were decided during a prior appeal. *S.E.C. v. Brookstreet Sec. Corp.*, 584 F. App'x 689, 690–91 (9th Cir. 2014). "When a case has been once decided by this court on appeal, and remanded to the [district court], whatever was before this court, and disposed of by its decree, is considered as finally settled." *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (internal quotation marks omitted).

## II

Next, Brooks contends that the civil penalty violates the Excessive Fines Clause of the Eighth Amendment. However, such argument fails because $5.88

---

[2] Nothing in the Act requires courts to impose penalties based on a wrongdoer's illicit gain or ability to pay. In fact, at the time of Brooks' infractions, courts had discretion to impose a civil penalty per violation up to the greater of $120,000 *or* the gross amount of pecuniary gain. 15 U.S.C. § 78u(d)(3)(B)(iii); 17 C.F.R. pt. 201, subpt. E, tbl. 2. Furthermore, we eschew evaluating penalties in light of awards against other defendants because doing so inappropriately "pushes the decision toward a mathematical bright-line." *Swinton v. Potomac Corp.*, 270 F.3d 794, 819 (9th Cir. 2001).

million is not "grossly disproportional" to the gravity of his violation. *United States v. Bajakajian*, 524 U.S. 321, 336–37 (1998).

This court generally considers four factors when weighing the gravity of a violation: (1) the nature and extent of the violation, (2) whether the violation was related to other illegal activities, (3) the penalties that may be imposed for the violation, and (4) the extent of the harm caused. *U.S. v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1122 (9th Cir. 2004). Assessment of these factors indicates the violation in question is severe.

We have already identified Brooks's actions as "particularly egregious." *Brookstreet*, 584 F. App'x at 691. Further, Brooks has been sanctioned numerous times by state securities regulators and the Financial Industry Regulatory Authority as a result of failures to supervise and to establish supervisory procedures.

The penalties that may be imposed for Brooks's actions highlight their serious nature. *United States v. Beecroft*, 825 F.3d 991, 1001 (9th Cir. 2016). Brooks's claim that his acts are less blameworthy because he is a controlling person rather than a primary violator is unavailing because § 20(a) of the Exchange Act explicitly provides that the two are equally liable. 15 U.S.C. § 78t(a). "[J]udgments about the appropriate punishment for an offense belong in the first

4

instance to the legislature," and $5.88 million is a permissible civil penalty for Brooks's actions under this statutory scheme. *Bajakajian*, 524 U.S. at 336.

The extent of the harm caused is also grave. The undisputed record indicates that retail customers invested $300 million in the collateralized mortgage obligation ("CMO") program and that many of them experienced damages so staggering that they lost their homes, ability to retire, or ability to stay retired. A conservative assessment of evidence from the limited summary judgment record indicates that losses sustained by six of the forty-nine victims equals *at least* $2 million.

A $5.88 million penalty is not grossly disproportionate to this serious violation. Even if we assume that the CMO program caused only $2 million in damages, a penalty less than three times this figure is not unconstitutionally excessive. *See*, *e.g.*, *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (suggesting that punitive damages more than four times the amount of compensatory damages might be close to the line of constitutional impropriety under the Due Process Clause, which itself prohibits grossly excessive monetary penalties).

III

5

Brooks raises other issues for the first time on this appeal, but "[w]e need not and do not consider a new contention that could have been but was not raised on the prior appeal." *Munoz v. County of Imperial*, 667 F.2d 811, 817 (9th Cir. 1982).

The judgment of the District Court is

**AFFIRMED**.